# EXHIBIT
# 1

IN THE DISTRICT COURT OF CHOCTAW COUNTY
STATE OF OKLAHOMA

F I L E D
IN DISTRICT COURT
CHOCTAW COUNTY, OKLAHOMA

MAR 0 6 2017

Laura Sumner, Court Clerk

By_____
Deputy

| | | |
|---|---|---|
| PAYNE TRANSPORT, LLC AND RICHARD PAYNE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CJ-17-00018 |
| NEW ALLIANCE INSURANCE BROKERS, INC. AND LUIS MARCELO POVOLO, | ) ) ) ) | |
| Defendants. | ) ) | |

## SECOND AMENDED PETITION

COMES NOW, Plaintiffs, Payne Transport, LLC and Richard Payne, and amends, as a matter of right, its causes of action against Defendants, New Alliance Insurance Brokers, Inc. ("New Alliance"), and Luis Marcelo Povolo, alleges and states as follows:

### THE PARTIES

1. Plaintiff Payne Transport LLC ("PT") was an Oklahoma limited liability company located in Choctaw County at the times material hereto.

2. Plaintiff Richard Payne was the member-manager of Payne Transport LLC and a citizen and resident of Choctaw County at the times material hereto.

3. Defendant New Alliance was a foreign corporation doing business as a broker for the purchase of surplus lines insurance in Oklahoma at the times material hereto.

4. Defendant Luis Marcelo Povolo was a citizen and resident of California, an employee or agent of New Alliance, and was providing services to Plaintiffs as an surplus lines insurance broker in Oklahoma at the times material hereto.

## JURISDICTION AND VENUE

5. This matter arises out of a contract for services as an insurance broker entered into between New Alliance and Payne Transport, LLC, in Choctaw County.

6. This Court has jurisdiction over the subject matter hereof, jurisdiction over the parties hereto, and venue is proper.

## THE CAUSE OF ACTION

7. On September 7, 2016, PT, by and through its owner, Richard Payne, entered into a contract with New Alliance appointing New Alliance as Plaintiff's insurance broker of record and setting forth that New Alliance would:

    a.  Secure insurance coverage;

    b.  Issue certificates;

    c.  Provide accounting of transactions;

    d.  Facilitate filing claims; and

    e.  Provide services associated with procuring financing for the involved insurance premiums.

8. Further, the contract stated that New Alliance agreed to represent Plaintiffs honestly and competently.

9. Plaintiffs dealt directly with Defendant Luis Marcelo Povolo ("Povolo") in the conduct of this transaction.

10. Pursuant to that contract, New Alliance, by and through Povolo, represented that the following insurance policies would be procured and take effect at 12:01 a.m. on September 9, 2016 and expire at 12:01 a.m. on September 9, 2017:

    a.  Auto liability coverage with Spirit Commercial Auto Risk Retention Group, Inc.;

    b.  Motor Truck Cargo coverage with Lloyd's of London;

c.   Non-trucking liability coverage with Progressive Insurance Company; and,

d.   Physical Damage coverage with Lloyd's of London.

11. Included in the scheduled vehicles upon which coverage was contracted to be procured was PT's 1998 Peterbilt tractor, VIN # 1XP5DB9X4WN449505 ("the subject tractor"). .

12. On September 13, 2016, the subject tractor and a trailer leased to PT, VIN # 1UYFS24863A997814, were involved a single vehicle accident, sustaining damage that rendered the tractor a total loss.

13. Plaintiffs notified New Alliance, by and through Povolo, of this loss.

14. In the aftermath of the accident, Plaintiffs were informed that the physical damage coverage with Lloyd's of London, which would have provided substantial benefits to PT for this loss, was not in fact procured on September 9, 2016, as had been contracted for and represented.

15. Instead, the physical damage coverage was placed on September 14, 2016, the day after Plaintiffs' accident, thus leaving Plaintiffs with no applicable physical damage insurance coverage.

16. This failure constitutes a breach of Defendants' obligations under their relationship with Plaintiffs, which are elaborated upon herein.

17. Plaintiffs have been damaged by Defendant's acts and/or omissions as described herein.

18. The acts of one or both Defendants were willful and malicious or grossly reckless and wanton and Plaintiff is entitled to punitive damages.

COUNT ONE: NEGLIGENCE
(Against both Defendants)

19. Plaintiffs incorporate paragraphs 1-18 as if fully restated herein.

20. Pursuant to the contract executed between the parties, Defendants had a duty to procure insurance coverage in the amounts requested and effective on the dates requested.

21. Defendants failed to procure the physical damage coverage with Lloyd's of London for the subject tractor on the date requested and which Defendant had represented coverage would be effective, September 9, 2016.

22. Defendants had a duty, per the contract, to represent Plaintiffs honestly and competently.

23. Defendants failed to represent Plaintiffs honestly by failing to procure the physical damage coverage for the subject tractor on the effective date which they had represented to Plaintiffs.

24. Defendants failed to represent Plaintiffs honestly by failing to inform Plaintiffs, from September 8, 2016, through September 14, 2016, that Defendants had not procured the physical damage coverage for the subject tractor as had been requested and represented.

25. Defendants failed to represent Plaintiffs competently by failing to procure the physical damage coverage for the subject tractor on the effective date which they had represented to Plaintiffs.

26. Defendants failed to represent Plaintiffs competently by failing to inform Plaintiffs, from September 8, 2016, through September 14, 2016, that Defendants had not procured the physical damage coverage for the subject tractor as had been requested and represented.

27. Defendants had a duty to act reasonably and exercise ordinary care in the provision of services to Plaintiffs.

28. Defendants failed to act reasonably and exercise ordinary care in the provision of services to Plaintiffs by failing to procure the physical damage coverage for the subject tractor on the effective date which they had represented to Plaintiffs, and by failing to inform Plaintiffs, from September 8, 2016, through September 14, 2016, that Defendants had not procured the physical damage coverage for the subject tractor as had been requested and represented.

29. Plaintiffs have been damaged as a result of the above-stated failures of Defendants.

30. The losses sustained by Plaintiffs were a direct and foreseeable result of the actions and/or omissions of Defendants.

## COUNT TWO: BREACH OF CONTRACT
### (Against both Defendants)

31. Plaintiffs incorporate paragraphs 1-30 as if fully restated herein.

32. Pursuant to the contract executed between the parties, Defendants had a duty to procure insurance coverage in the amounts requested and effective on the dates requested.

33. Defendants breached the contract by failing to procure the physical damage coverage with Lloyd's of London for the subject tractor on the date requested and which Defendant had represented coverage would be effective, September 9, 2016.

34. Defendants had a duty, per the contract, to represent Plaintiffs honestly and competently.

35. Defendants breached the contract by failing to represent Plaintiffs honestly by failing to procure the physical damage coverage for the subject tractor on the effective date which they had represented to Plaintiffs.

36. Defendants breached the contract by failing to represent Plaintiffs honestly by failing to inform Plaintiffs, from September 8, 2016, through September 14, 2016, that Defendants had not procured the physical damage coverage for the subject tractor as had been requested and represented.

37. Defendants breached the contract by failing to represent Plaintiffs competently by failing to procure the physical damage coverage for the subject tractor on the effective date which they had represented to Plaintiffs.

38. Defendants breached the contract by failing to represent Plaintiffs competently by failing to inform Plaintiffs, from September 8, 2016, through September 14, 2016, that Defendants had not procured the physical damage coverage for the subject tractor as had been requested and represented.

39. Plaintiffs have been damaged as a result of the above-stated breaches of Defendants.

40. The losses sustained by Plaintiffs were a direct and foreseeable result of the actions and/or omissions of Defendants.

## COUNT THREE: BREACH OF FIDUCIARY DUTY
### (Against both Defendants)

41. Plaintiffs incorporates paragraphs 1-40 as if fully restated herein.

42. Plaintiffs manifested assent to Defendants for them to act on Plaintiffs' behalf and subject to Plaintiffs' control for the procurement of insurance by entering into the subject contract with Defendants.

43. Defendants' acceptance of and actions under the subject contract manifested their assent to operate as Plaintiffs' agent for the procurement of insurance.

44. The contractual relationship entered into between Plaintiffs and Defendants rises to the level such that the duties owed to Plaintiffs by Defendants are of a fiduciary nature.

45. As an agent or employee of New Alliance, Povolo owed the same fiduciary duties to Plaintiffs as New Alliance.

46. Such fiduciary duties which Defendants owed to Plaintiffs included:

    a. The duty to act in accordance with the express and implied terms of the contract between the Defendants and Plaintiffs.

    b. The duty to Plaintiffs to act with the care, competence, and diligence normally exercised by agents in similar circumstances.

    c. The duty to comply with all lawful instructions received from Plaintiffs concerning Defendants' actions on behalf of Plaintiffs.

    d. The duty, within the scope of the agency relationship, to act reasonably and to refrain from conduct that is likely to damage Plaintiffs' enterprise.

e. The duty to use reasonable effort to provide Plaintiffs with facts that Defendants knew, had reason to know, or should have known that Plaintiffs would wish to have the facts or the facts were material to the agent's duties to Plaintiffs.

47. By failing to procure physical damage coverage as requested and represented, Defendants violated one or more of the above-listed fiduciary duties owed to Plaintiffs.

48. By failing to inform Plaintiffs, from September 8, 2016, through September 14, 2016, that Defendants had not procured the physical damage coverage for the subject tractor as had been requested and represented, Defendants violated one or more of the above-listed fiduciary duties owed to Plaintiffs.

## COUNT FOUR: DETRIMENTAL RELIANCE
### (Against both Defendants)

49. Plaintiffs incorporate paragraphs 1-48 as if fully restated herein.

50. Plaintiffs relied on the representations of Defendants that physical damage coverage would be obtained for the subject tractor to take effect at 12:01 a.m. on September 9, 2016.

51. Plaintiffs relied on the representations of Defendants that they were competent, licensed insurance brokers capable of procuring insurance for Plaintiffs as requested or needed.

52. Plaintiffs have been damaged by reliance upon that representation and promise of Defendants.

## COUNT FIVE: ESTOPPEL
### (Against both Defendants)

53. Plaintiffs incorporate paragraphs 1-52 as if fully restated herein.

54. Because Defendants had represented to Plaintiffs that they would procure physical damage coverage on the subject tractor to take effect at 12:01 a.m. on September 9, 2016, Defendants should be estopped from denying any liability or obligation arising from their failure to fulfill that promise.

## COUNT SIX: NEGLIGENT HIRING, TRAINING, RETENTION, AND/OR SUPERVISION
### (Against New Alliance)

55. Plaintiffs incorporate paragraphs 1-55 as if fully restated herein.

56. New Alliance had a duty not to hire any employees or agents that it knew or should have known would present a danger to its customers.

57. New Alliance violated the duty not to hire any employees or agents that it knew or should have known would present a danger to its customers by hiring Marcelo Povolo.

58. New Alliance had a duty to train its employees or agents to act reasonably and competently so as to not present a danger to its customers.

59. New Alliance violated the duty to train its employees or agents to act reasonably and competently so as to not present a danger to its customers with regards to the training of Marcelo Povolo.

60. New Alliance had a duty not to retain any employees that it knew or should have known would present a danger to its customers.

61. New Alliance violated the duty not to retain any employees or agents that it knew or should have known would present a danger to its customers by retaining Marcelo Povolo.

62. New Alliance had a duty to supervise its employees or agents to ensure they act reasonably and competently so as to not present a danger to its customers.

63. New Alliance violated the duty to supervise its employees or agents to ensure they act reasonably and competently so as to not present a danger to its customers with regards to the supervision of Marcelo Povolo.

64. As a result of one or more of the above-stated failures, Plaintiffs have been damaged.

## DUTIES OWED BY NEW ALLIANCE

65. New Alliance was required to follow the rule that an insurance broker must procure insurance coverage in the amounts requested and effective on the dates requested.

66. New Alliance was required to follow the rule that an insurance broker must represent Plaintiffs honestly and competently.

67. New Alliance was required to follow the rule that an insurance broker must act reasonably and exercise ordinary care in the provision of services to Plaintiffs.

68. New Alliance was required to follow the rule that an insurance broker must act in accordance with the express and implied terms of the contract between the Defendants and Plaintiffs.

69. New Alliance was required to follow the rule that an insurance broker must act with the care, competence, and diligence normally exercised by agents in similar circumstances.

70. New Alliance was required to follow the rule that an insurance broker must comply with all lawful instructions received from Plaintiffs concerning Defendants' actions on behalf of Plaintiffs.

71. New Alliance was required to follow the rule that an insurance broker must act reasonably and to refrain from conduct that is likely to damage Plaintiffs' enterprise.

72. New Alliance was required to follow the rule that an insurance broker must use reasonable effort to provide Plaintiffs with facts that Defendants knew, had reason to know, or should have known that Plaintiffs would wish to have the facts or the facts were material to the agent's duties to Plaintiffs.

73. New Alliance was required to follow the rule that an insurance broker must not hire any employees or agents that it knew or should have known would present a danger to its customers.

74. New Alliance was required to follow the rule that an insurance broker must train its employees or agents to act reasonably and competently so as to not present a danger to its customers.

75. New Alliance was required to follow the rule that an insurance broker must not retain any employees that it knew or should have known would present a danger to its customers.

76. New Alliance was required to follow the rule that an insurance broker must supervise its employees or agents to ensure they act reasonably and competently so as to not present a danger to its customers.

## DUTIES VIOLATED BY NEW ALLIANCE

77. New Alliance violated the duty to procure insurance coverage in the amounts requested and effective on the dates requested.

78. New Alliance violated the duty to represent Plaintiffs honestly and competently.

79. New Alliance violated the duty to act reasonably and exercise ordinary care in the provision of services to Plaintiffs.

80. New Alliance violated the duty to act in accordance with the express and implied terms of the contract between the Defendants and Plaintiffs.

81. New Alliance violated the duty to Plaintiff to act with the care, competence, and diligence normally exercised by agents in similar circumstances.

82. New Alliance violated the duty to comply with all lawful instructions received from Plaintiffs concerning Defendants' actions on behalf of Plaintiffs.

83. New Alliance violated the duty to act reasonably and to refrain from conduct that is likely to damage Plaintiffs' enterprise.

84. New Alliance violated the duty to use reasonable effort to provide Plaintiffs with facts that Defendants knew, had reason to know, or should have known that Plaintiffs would wish to have the facts or the facts were material to the agent's duties to Plaintiffs.

85. New Alliance violated the duty not to hire any employees or agents that it knew or should have known would present a danger to its customers.

86. New Alliance violated the duty to train its employees or agents to act reasonably and competently so as to not present a danger to its customers.

87. New Alliance violated the duty not to retain any employees that it knew or should have known would present a danger to its customers.

88. New Alliance violated the duty to supervise its employees or agents to ensure they act reasonably and competently so as to not present a danger to its customers.

## DUTIES OWED BY POVOLO

89. Povolo was required to follow the rule that an insurance broker must procure insurance coverage in the amounts requested and effective on the dates requested.

90. Povolo was required to follow the rule that an insurance broker must represent Plaintiffs honestly and competently.

91. Povolo was required to follow the rule that an insurance broker must act reasonably and exercise ordinary care in the provision of services to Plaintiffs.

92. Povolo was required to follow the rule that an insurance broker must act in accordance with the express and implied terms of the contract between the Defendants and Plaintiffs.

93. Povolo was required to follow the rule that an insurance broker must act with the care, competence, and diligence normally exercised by agents in similar circumstances.

94. Povolo was required to follow the rule that an insurance broker must comply with all lawful instructions received from Plaintiffs concerning Defendants' actions on behalf of Plaintiffs.

95. Povolo was required to follow the rule that an insurance broker must act reasonably and to refrain from conduct that is likely to damage Plaintiffs' enterprise.

96. Povolo was required to follow the rule that an insurance broker must use reasonable effort to provide Plaintiffs with facts that Defendants knew, had reason to know, or should have known that Plaintiffs would wish to have the facts or the facts were material to the agent's duties to Plaintiffs.

## DUTIES VIOLATED BY POVOLO

97. Povolo violated the duty to procure insurance coverage in the amounts requested and effective on the dates requested.

98. Povolo violated the duty to represent Plaintiffs honestly and competently.

99. Povolo violated the duty to act reasonably and exercise ordinary care in the provision of services to Plaintiffs.

100.    Povolo violated the duty to act in accordance with the express and implied terms of the contract between the Defendants and Plaintiff.

101.    Povolo violated the duty to Plaintiffs to act with the care, competence, and diligence normally exercised by agents in similar circumstances.

102.    Povolo violated the duty to comply with all lawful instructions received from Plaintiff concerning Defendants' actions on behalf of Plaintiffs.

103.    Povolo violated the duty act reasonably and to refrain from conduct that is likely to damage Plaintiffs' enterprise.

104.    Povolo violated the duty to use reasonable effort to provide Plaintiffs with facts that Defendants knew, had reason to know, or should have known that Plaintiffs would wish to have the facts or the facts were material to the agent's duties to Plaintiffs.

## CAUSATION OF PLAINTIFF'S DAMAGES

105.    The injuries and damages sustained by Plaintiffs, more particularly described below, were produced in a natural and continuous sequence from Defendants' violation of the above described independent duties for the safety of Plaintiffs.

106.    The injuries and damages sustained by Plaintiffs were a probable consequence from Defendants' violation of the above described independent duties for the safety of Plaintiffs.

107.    Defendants should have foreseen and anticipated that a violation of the above described independent duties would constitute an appreciable risk of harm to others, including Plaintiffs.

108.    If Defendants had not violated the above described independent duties for the safety of Plaintiffs, then Plaintiffs' injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFFS

109.    Pursuant to the provisions of 12 O.S. §3226(A)(2)(a), Plaintiffs submit this preliminary computation of damages sought in this lawsuit:

    a.   For lost income, PT is seeking approximately $27,200.00.

    b.   For the loss of the subject tractor, PT is seeking $19,000.00.

    c.   For towing charges, PT is seeking $2,500.00.

    d.   For storage charges, PT is seeking $6,720.00.

    e.   For continued expenses PT has incurred for lease of the trailer involved in the accident, Plaintiff is seeking $3,740.00.

    f.   Plaintiff Richard Payne is seeking compensation for late fees, interest charges, fines or other economic damages he has sustained due to the inability to pay household financial obligations resulting from Defendants' acts and/or omissions, as well as the

mental and emotional distress that accompanies such financial burden, in an amount to be determined at trial.

g.   Plaintiffs are unable to guess or speculate as to what amount of punitive damages a jury might award at trial.

## AMOUNT OF DAMAGES

110.   Plaintiffs have incurred substantial damage as a result of Defendants' failure to procure insurance coverage as contracted for and failure to notify Plaintiffs of the absence of that coverage during the period from September 8, 2016, through September 14, 2016.

111.   Defendants' actions have been willful and malicious or grossly reckless and wanton and Plaintiffs are entitled to punitive damages.

112.   Plaintiffs are seeking damages totaling $59,160, arising out of Defendant's act and/or omissions set out herein, plus punitive damages, applicable attorney's fees, interest, and costs.

113.   As this is an action pertaining to breach of a contract for services, Plaintiffs are entitled to reasonable attorney's fees related to this action.

## RESERVATION OF ADDITIONAL CLAIMS

114.   Plaintiffs reserve the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

## DEMAND FOR JURY TRIAL

115.   Plaintiffs demand a jury trial for all issues of fact presented by this action.

WHEREFORE, Plaintiffs, Payne Transport, LLC, and Richard Payne, pray for judgment against the Defendants, New Alliance Insurance Brokers, Inc. ("New Alliance"), and Marcelo Povolo, for the amounts set forth herein plus punitive damages, attorney's fees, interest, costs, and all other and further relief which the Court deems just and equitable.

Respectfully submitted,

LAIRD, HAMMONS, LAIRD, PLLC

Jonathan R. Ortwein, OBA#32092
1332 S.W. 89th St.
Oklahoma City, OK 73159
Telephone: (405) 703-4567
Facsimile: (405) 703-4061
E-mail: jonathan@lhllaw.com
*Attorney for Plaintiffs*

**ATTORNEY LIEN CLAIMED**